UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RONALD G. JORGENSEN,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>CAROLYN W. COLVIN,<br><br>　　　　　　　　Defendant. | NO: 15-CV-0042-FVS<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross motions for summary judgment. ECF Nos. 13 and 14. This matter was submitted for consideration without oral argument. Plaintiff was represented by Joseph M. Linehan. Defendant was represented by David J. Burdett. The Court has reviewed the administrative record and the parties' completed briefing and is fully informed. For the reasons discussed below, the court **GRANTS** Defendant's Motion for Summary Judgment, ECF No. 14, and **DENIES** Plaintiff's Motion for Summary Judgment, ECF No. 13.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 1

# JURISDICTION

Plaintiff Ronald G. Jorgensen protectively filed for supplemental security income ("SSI") on January 19, 2011. Tr. 164-70. Plaintiff alleged an onset date of January 1, 1990 (Tr. 164), which was amended at the hearing to January 19, 2011 (Tr. 39). Benefits were denied initially and upon reconsideration. Tr. 112-15, 120-21. Plaintiff requested a hearing before an administrative law judge ("ALJ"), which was held before ALJ Moira Ausems on July 25, 2013. Tr. 36-94. The ALJ denied benefits (Tr. 13-32) and the Appeals Council denied review (Tr. 1). The matter is now before this court pursuant to 42 U.S.C. § 405(g).

# STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner, and will therefore only be summarized here.

Plaintiff was 51 years old at the time of the hearing. *See* Tr. 164. The highest level of school he completed was eighth grade, but he later obtained his GED. Tr. 187. Plaintiff previously worked as a cook, industrial cleaner, and assistant carpet layer. Tr. 59-63, 82. Plaintiff claims he is disabled due to anxiety, depression, and ADD. *See* Tr. 112. He testified that he would rather sleep, feels depressed, gets a lot of "anxious feelings," and takes medication "mainly for the anxiety." Tr. 64,

70, 75. He testified that he has "a hard time grasping" with his right hand, and gets headaches four or five times a week lasting for four to five hours. Tr. 71-72, 77.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue,* 698 F.3d 1153, 1158–59 (9th Cir.2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir.2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* An error is

harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders,* 556 U.S. 396, 409–10 (2009).

### FIVE–STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v); 416.920(a)(4) (i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the

Commissioner must find that the claimant is not disabled. 20 C.F.R. § § 404.1520(b); 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c); 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a) (4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d); 416 .920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work

activities on a sustained basis despite his or her limitations (20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § § 404.1520(f); 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a) (4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § § 404.1520(g)(1); 416.920(g) (1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Lockwood v. Comm'r of Soc. Sec. Admin.,* 616 F.3d 1068, 1071 (9th Cir.2010). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § § 404.1560(c); 416.960(c)(2); *Beltran v. Astrue,* 700 F.3d 386, 389 (9th Cir.2012).

## ALJ'S FINDINGS

At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since January 19, 2011, the application date. Tr. 18. At step two, the ALJ found Plaintiff has the following severe impairments: status post right fifth finger fracture; occipital headaches; adjustment disorder with mixed anxiety and depressed mood; and, mixed personality disorder. Tr. 18. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpt. P, App'x 1. Tr. 19. The ALJ then found that Plaintiff had the RFC

> to perform a full range of work at all exertional levels but with the following nonexertional limitations: he would be unable to perform work that involves more than frequent fingering and feeling with the right, dominant hand; more than simple routine tasks; more than brief, superficial contact with the general public; or, the performance of cooperative teamwork endeavors with coworkers.

Tr. 21. At step four, the ALJ found Plaintiff is capable of performing past relevant work as an industrial cleaner. Tr. 26. In the alternative, at step five, the ALJ found

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 7

that considering the Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff also can perform. Tr. 27. The ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, since January 19, 2011, the date the application was filed. Tr. 28.

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Specifically, Plaintiff argues the ALJ improperly rejected the opinions of treating and examining sources who determined that Plaintiff's mental impairments were more severe than what was determined by the ALJ. ECF No. 13 at 10-14. Defendant argues the ALJ's reasoning for rejecting the medical opinion evidence was supported by substantial evidence. ECF No. 14 at 3-7.

**DISCUSSION**

**Medical Opinions**

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari,* 246 F.3d 1195, 1201–02 (9th Cir. 2001) (citations omitted).

Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's. *Id.* If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005). Conversely, "[i]f a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* (citing *Lester v. Chater,* 81 F.3d 821, 830–31 (9th Cir. 1995)). Plaintiff argues the ALJ improperly rejected the opinions of Plaintiff's treating and examining providers, including: Frank Rosekrans, Ph.D., John Arnold, Ph.D., and Kris Korsgaard, MS, FNP.[1] ECF No. 13 at 9-14.

---

[1] Plaintiff briefly notes that the ALJ relied on the testimony of medical expert Dr. Joseph Cools, despite the fact that Dr. Cools "had never treated or examined" the Plaintiff. ECF No. 13 at 10. "The opinion of a nonexamining physician cannot *by itself* constitute substantial evidence that justifies the rejection of the opinion of either an examining or treating physician." *Lester*, 81 F.3d at 831 (emphasis added). The ALJ accorded certain portions of Dr. Cools' opinion significant weight Tr. 25. However, Plaintiff does not argue with specificity that the ALJ improperly

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 9

**A. Dr. Frank Rosekrans**

In November 2010, Dr. Rosekrans conducted a psychological evaluation of Plaintiff. Tr. 437-45. He diagnosed Plaintiff with adjustment disorder with mixed anxiety and depressed mood; personality disorder NOS; and polysubstance dependence, sustained full remission. Tr. 444. In the section entitled "functional losses – barriers to employment," Dr. Rosekrans indicated that "[a]t the present time [Plaintiff] presents with a considerable amount of depression and anxiety. He is a sad, anxious, and tense individual who finds it difficult to relax. [Plaintiff's] self-description on the PAI indicates significant suspiciousness and hostility in his relations with others." Tr. 444. Dr. Rosekrans found "it will be difficult for [Plaintiff] to take orders from others;" but also noted that Plaintiff's intention to become a licensed carpet installer was "an appropriate vocational goal." Tr. 444-45. The ALJ "accord[ed] weight to [Dr.] Rosekrans' conclusions to the extent that they support the RFC findings in this decision." Tr. 23.

Plaintiff argues that the ALJ "fails to address the portion of his evaluation that supports more psychological impairments than was found by the ALJ's RFC."

---

relied solely on Dr. Cools' opinion to justify rejecting certain medical opinions. Thus, the court declines to address this issue. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 10

ECF No. 13 at 14. In support of this argument, Plaintiff contends that the ALJ was impermissibly "silent" as to Dr. Rosekrans' conclusion that Plaintiff would have difficulty taking orders from others. *Id*. (citing Tr. 444). However, Plaintiff appears to misread the ALJ's decision, which directly addresses Dr. Rosekrans' conclusion that it would be difficult for Plaintiff to take orders from others; and expressly finds the limitation inconsistent with evidence that Plaintiff was working at that time as a part time cook, "and there was no expressed complaint of workplace conflict or an inability to adapt to the demands of regular employment." Tr. 23, 439. As noted by the ALJ, Plaintiff continued to work in that position for a year thereafter. Tr. 23, 62. Thus, the ALJ properly rejected Dr. Rosekrans' opinion because it was inconsistent with Plaintiff's level of activity. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001). Furthermore, while not addressed by Plaintiff, the ALJ found that "Dr. Rosekrans addressed the claimant's impairments characterizing a variety of symptomatology in support of his diagnoses, however, he did not provide a clear assessment of the limitations posed by the claimant's contended symptoms." Tr. 23. Thus, the ALJ did not err in failing to specifically discuss and provide reasons for rejecting Dr. Rosekrans' "opinions" because he did not assess any functional limitations. *See, e.g., Turner v. Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1223 (9th Cir. 2010) (where physician's report did not assign any specific limitations or opinions in relation to

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 11

an ability to work, "the ALJ did not need to provide 'clear and convincing reasons' for rejecting [the] report because the ALJ did not reject any of [the report's] conclusions"); *see also Kay v. Heckler*, 754 F.2d 1545, 1549 (9th Cir. 1985) (the "mere diagnosis of an impairment … is not sufficient to sustain a finding of disability."). These were specific and legitimate reasons to reject Dr. Rosekrans' opinion.

In addition, while not specifically addressed by Plaintiff, the ALJ rejected Dr. Rosekrans' opinion because it "was largely based on Plaintiff's self-reported symptoms and complaints, and the [ALJ] does not find the claimant entirely credible." Tr. 23. "An ALJ may reject a [] physician's opinion if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Here, as noted by the Defendant, the Plaintiff fails to assign error to the ALJ's adverse credibility finding. ECF No. 14 at 6; *see Carmickle*, 533 F.3d at 1161 n.2 (the court need not address issue not argued with specificity in Plaintiff's brief). The ALJ's credibility findings in this case are specific, clear and convincing, and unchallenged. *See* Tr. 21-22. Moreover, a review of Dr. Rosekrans' opinion supports the ALJ's conclusion that it was based primarily on Plaintiff's self-reports and self-descriptions. *See* Tr. 437-445. The court notes that Dr. Rosekrans did subject Plaintiff to objective psychological tests, however, he largely failed to

discuss how the test results resulted in any functional limitations or indicated Plaintiff was unable to work. Tr. 439-41. Instead, Dr. Rosekrans appeared to support Plaintiff's search for work as a licensed carpet installer as an "appropriate vocational goal," so long as a medical examination confirmed that he could physically perform the requisite job duties. Overall, "where evidence is susceptible to more than one rational interpretation, it is the [Commissioner's] conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). This was a specific and legitimate reason for the ALJ to reject Dr. Rosekrans' opinion.

### B. Dr. John Arnold

In May 2013, Dr. Arnold completed a psychological/psychiatric evaluation of Plaintiff after conducting an interview and mental status exam, and reviewing records of objective tests previously performed by other practitioners. Tr. 562-67. Dr. Arnold diagnosed Plaintiff with major depression, recurrent, moderate to severe; GAD; and rule out somatoform disorder. Tr. 564. Dr. Arnold also opined that Plaintiff had numerous moderate and marked limitations, including marked limitations in his ability to: perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision; perform routine tasks without supervision; communicate and perform effectively in a work setting; maintain appropriate behavior in a work setting; and complete a normal work day and work week without interruptions from

psychologically based symptoms. Tr. 565. The ALJ assigned "little weight" to Dr. Arnold's findings for several reasons. Tr. 25.

First, the ALJ found that "his assessment of symptom severity is not consistent with the assessments of other acceptable medical sources of record or the claimant's limited, conservative treatment history."[2] Tr. 25. The consistency of a medical opinion with the record as a whole is a relevant factor in evaluating that medical opinion. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). Plaintiff argues this reasoning is "boilerplate" and neglects to consider mental health evidence in the record, including: treatment records from Community Health Association of Spokane ("CHAS"), treatment with Mr. Korsgaard, and Dr. Rosekrans' opinion.

---

[2] Plaintiff also argues that the ALJ "appears" to be improperly discounting Dr. Arnold's opinion based on lack of mental health treatment. ECF No. 13 at 12 (citing *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1989) ("it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation")). However, based solely on this statement, it is difficult to discern whether the ALJ relied on Plaintiff's lack of mental health treatment as a reason to discount the severe limitations opined by Dr. Arnold. Moreover, any error is harmless because the ALJ's ultimate finding is adequately supported by substantial evidence. *See Carmickle*, 533 F.3d at 1162-63.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 14

ECF No. 13 at 12. However, as discussed above, while Dr. Rosekrans generally opined that it would "be difficult for [Plaintiff] to take orders from others" (Tr. 444), his opinion was properly discounted because he did not find any specific functional limitations on Plaintiff's ability to work. *See* Tr. 444-45. Similarly, while the records from Plaintiff's treatment with Mr. Korsgaard confirms ongoing mental health complaints resulting in a bipolar diagnosis; Mr. Korsgaard did not specifically opine as to the severity of Plaintiff's functioning. *See* Tr. 474-93, 532-44, 550-61. Plaintiff also reported significant improvement in his mental health symptoms with medication while in treatment with Mr. Korsgaard. Tr. 532-44. Plaintiff was treated for a variety of complaints at CHAS, however, the records specifically addressing his mental health treatment are from four years prior to the relevant adjudicatory period. *See* Tr. 394-436, 516-24, 544-49. "Medical opinions that predate the alleged onset of disability are of limited relevance." *Carmickle*, 533 F.3d at 1165. Moreover, while not noted by Plaintiff, Dr. Jay Toews opined that Plaintiff's depression and anxiety symptoms are "minimal" and "would not preclude [his] ability to function well on the job." Tr. 449. The inconsistencies between Dr. Arnold's opinion and other assessments in the record was a specific and legitimate reason, supported by substantial evidence, for the ALJ to reject Dr. Arnold's opinion.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 15

Second, the ALJ found that Dr. Arnold's report of examination "was completed by checking boxes, with few objective findings in support of the degree of limitation opined by him." Tr. 25. As cited by the ALJ, opinions on a check-box form or report which does not contain significant explanation of the basis for the conclusions may be accorded little or no weight. *See Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996). Further, an ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole or by objective medical findings. *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). Plaintiff does not challenge this reasoning. *See Carmickle*, 533 F.3d at 1161 n.2 (court may decline to address an issue not raised with specificity in Plaintiff's briefing). The court's review confirms that, aside from minimal notes taken during the clinical interview with Plaintiff, Dr. Arnold's evaluation consists entirely of check-box assessment without explanation or reference to objective findings. Tr. 563-67. This is a specific, legitimate reason for rejecting Dr. Arnold's opinion.

Finally, while not identified or challenged by Plaintiff, the ALJ noted that Dr. Arnold conducted his evaluation under DSHS "criteria" and therefore his findings are not consistent with "the regulatory requirements of the [SSA]." Tr. 25. The court notes that this general observation by the ALJ that DSHS evaluative "criteria" is not consistent with SSA regulations would not in itself justify rejection

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 16

of Dr. Arnold's opinion. Any error is harmless, however, because the ALJ gave additional specific and legitimate reasons, supported by substantial evidence, for rejecting Dr. Arnold's opinion. *See Carmickle*, 533 F.3d at 1162-63.

### C. Kris Korsgaard, MS, FNP

Mr. Korsgaard provided mental health treatment to Plaintiff from May 2012 to June 2013. Tr. 474-93, 532-44, 550-61. During this time, Plaintiff was alternately diagnosed with mood disorder NOS; general anxiety disorder; and bipolar II disorder. *See, e.g.*, Tr. 483, 493. Plaintiff was prescribed medication to address his mental health complaints. *See* Tr. 534. In an undated letter to Plaintiff's legal counsel, Mr. Korsgaard noted that Plaintiff's symptoms are in "partial remission," however, "because of the episodic nature of his mental illness and in light of the fact that we have no cure at this time, I would consider [Plaintiff] disabled." Tr. 544. The ALJ reviewed Mr. Korsgaard's treatment records and accorded the undated opinion letter "no weight or special significance." Tr. 24-26.

As initial matter, while it is unclear whether it was offered as a reason to discount his opinion, the ALJ noted that Mr. Korsgaard is not an acceptable source under Social Security regulations. Tr. 26. Mr. Korsgaard is a nurse practitioner, and thus in accordance with 20 C.F.R. § 416.913(a), the ALJ is correct that he is not an "acceptable medical source." Instead, Mr. Korsgaard is an "other source" as defined in 20 C.F.R. § 416.913(d). As acknowledged by the ALJ, she is required to

"consider observations by nonmedical sources as to how an impairment affects a claimant's ability to work." *Sprague v. Bowen,* 812 F.2d 1226, 1232 (9th Cir. 1987). However, the ALJ need only provide "germane reasons" for disregarding an "other source" opinion. *Molina*, 674 F.3d at 1111. Moreover, "[t]he fact that a medical opinion is from an 'acceptable medical source' is a factor that may justify giving that opinion greater weight than an opinion from a medical source who is not an 'acceptable medical source'…. However, depending on the particular facts in a case, and after applying the factors for weighing opinion evidence, an opinion from a medical source who is not an 'acceptable medical source' may outweigh the opinion of an 'acceptable medical source.'" SSR 06-03p (Aug. 9, 2006), *available at* 2006 WL 2329939 at *5. Thus, while the ALJ may give less weight to Mr. Korsgaard's opinion because it is not from an "acceptable medical source;" it would be error to reject Mr. Korsgaard's opinion *solely* on this basis. In this case, the ALJ gave several germane reasons for granting Mr. Korsgaard's opinion no weight.

First, the ALJ found that "Mr. Korsgaard's diagnosis and assessment essentially stand alone in the record, as it is not supported by the limited objective medical evidence." Tr. 26. "An ALJ may discredit treating [providers'] opinions that are conclusory, brief, and unsupported by the record as a whole, or by objective medical findings." *Batson*, 359 F.3d at 1195. Plaintiff generally argues

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 18

1  that the ALJ's reasoning is "in contradiction" with the opinions of Dr. Arnold, Dr.
2  Rosekrans, and the medical records from CHAS. ECF No. 13 at 13. The court
3  acknowledges that these records include evidence that supports Plaintiff's claimed
4  mental health symptoms. However, as discussed in detail above, the ALJ properly
5  discounted the opinions of Dr. Arnold and Dr. Rosekrans; and the mental health
6  treatment records from CHAS were from well outside of the relevant adjudicatory
7  period. Moreover, Mr. Korsgaard diagnosed Plaintiff with bipolar disorder, and
8  opined that Plaintiff was "disabled." Tr. 543-44. Plaintiff does not cite to, nor does
9  the court discern, any assessment in the record that diagnoses Plaintiff with bipolar
10 disorder, or opines that Plaintiff is completely "disabled." Nor does Plaintiff refer
11 the court to specific objective findings that would support Mr. Korsgaard's
12 undated, one-paragraph, opinion that Plaintiff's mental illness has "no cure" and he
13 is therefore "disabled." *See* Tr. 544. For all of these reasons, this was a germane
14 reason to reject Mr. Korsgaard's opinion.

15      Second, the ALJ noted that "a finding of 'disabled' is an issue reserved to
16 the Commissioner of Social Security only, and Mr. Korsgaard's assessment,
17 therefore, is accorded no weight or special significance." Tr. 26. Plaintiff does not
18 identify or challenge this finding. *See Carmickle*, 533 F.3d at 1161 n.2 (court may
19 decline to address an issue not raised with specificity in Plaintiff's briefing). A
20 statement from a medical provider regarding Plaintiff's ability to work is not

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 19

considered to be a medical opinion; rather, it is an administrative finding that would be dispositive of a case, and is therefore an issue reserved to the Commissioner. *See* 20 C.F.R. §§ 404.1527(d)(1) and (3); SSR 96-5p, *available at* 1996 WL 374183 at *2 (July 2, 1996) ("treating source opinions on issues that are reserved to the Commissioner are never entitled to controlling weight or special significance."). This was a germane reason to reject Mr. Korsgaard's opinion that Plaintiff was "disabled."

## CONCLUSION

After review the court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 13, is **DENIED**.

2. Defendant's Motion for Summary Judgment, ECF No. 14, is **GRANTED**.

The District Court Executive is hereby directed to enter this Order and provide copies to counsel, enter judgment in favor of the Defendant, and **CLOSE** the file.

**DATED** March 15, 2016.

*s/Fred Van Sickle*
Fred Van Sickle
Senior United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 20